E. W. FORD v. THE STATE.

No. 12779.   Delivered January 8, 1930.
Rehearing denied February 12, 1930.
Reported in 24 S. W. (2d) 55.

The opinion states the case.

*Otis Rogers* of Fort Worth, for appellant.

*P. J. Jackson* of Cleburne, County Attorney, and *A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, one year in the penitentiary.

State's witness, Ed.Allbright, testified to the sale of a half pint of whiskey by appellant to himself.   He was corroborated by witness Bob Branch.

Appellant's defense was an alibi.

As we view the record, the only real question presented was whether or not appellant's constitutional right to counsel was violated.   This question was set up in motion for new trial and upon a hearing it was shown that he had prior to the trial employed counsel to represent him; that his case was first called for trial on the 14th day of February and was on motion of defendant continued or postponed until the 21st day of February and was on such date again continued until the 4th of March.   The trial judge testified that on Saturday evening before Monday, March 4th, he instructed the County Attorney to phone appellant's attorney that if he could stop the non-resident witnesses from Vernon that appellant's case would be continued until the May Term of Court, but if they were not stopped and were present and had to be paid again, the case would not be continued.   It appears that three of them had been brought to

court twice before and had been paid for each trip. The County Attorney phoned to Ft. Worth, where appellant's attorney lived, but was unable to get him. On Sunday night following, the appellant called and asked if the case had been postponed and was informed that an agreement had been made to postpone provided the non-resident witnesses did not come back, to which appellant replied he would see what he could do. The following morning, which was Monday morning, March 4th, appellant's attorney phoned to the court and was told that the case would be postponed until the May Term provided the Vernon witnesses were not present, to which the attorney replied that he would stop them. The non-resident witnesses were not stopped but were present on Monday morning and the appellant was informed that his case would be tried the following morning. When the case was called on Tuesday morning, appellant's counsel had gone to El Paso and appellant was tried without the presence of his attorney.

While Sec. 10, Art. 1, of our State Constitution, guarantees the accused the right of being heard by counsel, we perceive no violation of its terms in the facts of the instant case. Appellant's counsel was absent, knowing the case might be tried, according to the testimony of the trial judge. Appellant had twenty-four hours' notice in advance that same would be tried after the appearance of the non-resident witnesses. He was in no sense deprived of counsel by any act of the trial court. This not being a capital felony, the court was under no duty to appoint counsel to represent appellant. Mere absence of counsel has never been held sufficient grounds for a new trial. There must be a sufficient showing that the constitutional right to counsel, above mentioned, has been denied the accused. This is not made by such proof as appears in this record. Appellant has failed to bring himself within the rule announced in Daugherty v. State, 33 Tex. Crim. App. 173, and others of like character. For authorities sustaining these views, see Vernon's C. C. P., Art. 753, Note 4, where authorities are collated. Also Couch v. State, 20 S. W. (2nd) 1054; Sowells v. State, 99 Tex. Crim. Rep. 469; Holden v. State, 89 Tex. Crim. Rep. 628; Giles v. State, 68 Tex. Crim. Rep. 612.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, PRESIDING JUDGE.—After several continuances the trial of the appellant was set for March 4th. On other occasions his attorney had been present. On the trial, which took place on March 5th, the attorney was not present. Certain witnesses from Vernon, Wilbarger County, had previously been in attendance. On Saturday, March 2nd, the appellant, over the telephone, inquired of the district judge whether his case would be called for trial on March 4th and was informed that it would not be if the witnesses from Vernon who had been in attendance several times were prevented from attending; otherwise it would be called. On Monday, March 4th, the Vernon witnesses appeared; a part of them at least. The appellant was informed by the district judge that the case would be called for trial the following morning. On Monday, March 4th, the appellant's attorney, over the telephone, talked with the district judge and was given in substance the same information as detailed above. It is not shown that any effort was made, either by the appellant or his attorney, to notify the witnesses who were at Vernon to refrain from coming to court. The appellant's attorney remained in Fort Worth, about thirty miles from Cleburne (where the trial took place) during the day of March 4th, and on the evening of that day went to El Paso.

In overruling the motion for new trial the trial court is not deemed to have abused the discretion vested in him by law.

The motion for rehearing is overruled.

*Overruled.*