## J. P. PERDEW V. THE STATE.

No. 20361. Delivered April 19, 1939.
Rehearing Denied May 24, 1939.

The opinion states the case.

*Philip M. Shafer* and *David R. Rosenthal,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary; the punishment assessed is confinement in the state penitentiary for a term of two years.

The record is before us without any bills of exceptions or objections to the court's charge. It appears from the statement of facts that upon his trial, appellant was not represented by counsel, but represented himself and cross-examined the State's witnesses. He did not testify in his own behalf, nor did he offer any affirmative defense.

The State's evidence shows that the injured party's private residence, located at 201 North Everton Street in the City of Houston, was forcibly entered on October 19, 1938, and four fishing reels were taken. On October 20, appellant sold these reels to F. M. Williams of 3302 Navigation Blvd. in that city. Appellant told Williams that the rods were not stolen. He paid $1.10 for the reels. Conine, the injured party, went to Williams' place of business and identified the stolen property as that taken in the burglary of his premises.

The following is taken from the testimony of an arresting officer: "As to what explanation the defendant made as to where he got the reels, he said he was drunk and didn't know what he was doing."

Insofar as the record shows, appellant made no attempt to explain his possession of the recently stolen property.

On appeal, appellant is represented by counsel who complains of the admission of certain testimony to which no objection was made at the trial in the court below. Consequently, this court cannot consider them.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant files a comprehensive motion herein, much of which we are unable to follow, nor agree with him in.

In our original opinion there was a mistake made in one sentence thereof. In the sentence "Appellant told Williams

that the rods were not stolen," the word "rods" should read "reels", and is thus corrected.

As we understand the testimony H. V. Conine left his home on October 19, 1938, and it was closed. On the same night when he returned he found that the house had been entered by prizing a door open with a piece of iron. There were four fishing reels taken from said house, and afterwards these reels were recovered from a Mr. Williams, who testified that he bought same from appellant about October 20, 1938. That he asked appellant if same were stolen, and appellant said "No, they were not stolen."

True it is that the witness placed the date of the burglary as October 19, 1938, and later on testified that these four reels were in the house when he left it on the 20th of October, which could have been naught but a inadvertent misstatement. Undoubtedly he meant that the four reels were in the house when he left it on the day of the burglary, and when the witness returned to the house after the burglary such reels were gone. That these reels were later—on or about October 20, 1938—traced to the possession of appellant seems clear from the proof. We thus find appellant in the possession of recently stolen property, and no explanation of such possession. Mr. Branch in his Penal Code, Sec. 2346, p. 1283, says: "If the State proves a burglary as alleged was committed by someone, and based on proof that defendant was found in possession of property recently stolen from the burglarized house, the jury have found defendant guilty of the burglary, and that finding has been approved by the trial court whose duty it is to set aside the conviction if not satisfied that defendant is guilty as charged, the judgment will be sustained on appeal unless clearly wrong if there are facts or circumstances in evidence which justify the jury in disbelieving defendant's explanation of such possession, if any be made," with numerous cases there cited.

The motion is overruled.