DEMETRIO TENIENTE V. THE STATE.

No. 23797. Delivered November 12, 1947.
Rehearing Denied January 14, 1948.
Application to File Second Motion for Rehearing Denied
(Without Written Opinion) February 7, 1948.

*Hall and Hornberg,* of Laredo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted for the offense of failing to stop and render aid to an occupant of a station wagon with which he collided while driving a truck in the town of Laredo. His punishment was assessed at confinement in the state penitentiary for a term of two years.

There are not any bills of exception complaining of the admission of any evidence nor any objections to the court's charge in the record. Consequently, the only matter presented for review is the sufficiency of the evidence to sustain his conviction. The record reflects that appellant knew that he had collided with a station wagon; that he did not stop and offer to render any aid to the injured child but drove on some fourteen blocks when he stopped to examine his truck for the purpose of ascertaining what damage his truck had sustained as the result of the collision.

The doctor who treated the child after it was carried to a hospital testified that the child had sustained a serious head injury; that the skull was fractured and fragments of bone had been driven into the brain which he removed; that some time later he had to perform another operation and remove an abscess on the brain. We deem the evidence sufficient to sustain the conviction.

In his motion for a new trial, appellant complains for the first time of the admission of evidence relating to the seriousness of the injury; the visible display of the injuries of the child to the jury; and certain argument indulged in by the district attorney; but no objections were made thereto and no exceptions taken, therefore, the same cannot be considered by this Court. See Rollins v. State, 122 Tex. Cr. R. 119 (53 S. W. (2d) 786); Elizondo v. State, 130 Tex. Cr. R. 393 (94 S. W. (2d) 457); Caesar v. State, 135 Tex. Cr. R. 5 (117 S. W. (2d) 66); Perdew v. State, 137 Tex. Cr. R. 152 (128 S. W. (2d) 60).

No error of a reversible nature appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In appellant's motion for new trial he attempts to raise questions which are not preserved by bills of exception, and which are not otherwise presented.

We observe that the motion is sworn to by appellant before one of his attorneys representing him on this appeal, but who did not appear as counsel during the trial. As we understand the holding of this court as well that of the Supreme Court is that motions for new trial sworn to before an attorney in the case furnishes no basis for consideration of the motion, although said attorney is also a notary public. See the following cases and authorities therein cited: Duncan v. State, 131 Tex. Cr. R. 335, 98 S. W. (2d) 822; Ex parte Scott, et al, 123 S. W. (2d) 305 (Sup. Ct.); Wills v. State, 111 Cr. R. 342, 13 S. W. (2d) 380; Siebe v. State, 92 Tex. Cr. R. 605, 244 S. W. 1013; Valdez v. State, 98 Tex. Cr. R. 166, 265 S. W. 161.

It is apparent from the record before us that no objections

were made to any proceeding during the trial. Appellant appends to his brief on the motion for rehearing, and makes it a part thereof, a letter to his attorney from the trial judge which explains why there are no bills of exception upon the points sought to be raised for the first time in the motion for new trial. This letter really has no place in this record as the record may not thus be enlarged by insertion in the brief of things not otherwise shown. We advert to the letter only because appellant has apparently made it a part of the brief as explaining the absence of bills of exception. We copy a part of the said letter which we deem pertinent:

"Mr. J. B. Hornberger,

"Laredo, Texas.

"Dear Mr. Hornberger:

"The thirty-two bills of exception which you delivered to me in cause No. 10,293, entitled The State of Texas v. Demetrio Teniente, on the 16th day of June, 1947, have been considered and on this 18th day of June, 1947, they are returned to you, and you are advised that they have all been refused and disapproved by the Court.

"There is no provision in our criminal procedure for such a proceeding as you are undertaking to take in this case. The documents which you presented to me and designated as bills of exception are not bills of exception at all. A bill of exception is a document reduced to writing showing proceedings that were excepted to during the trial of a case. This case was tried in this Court before a jury, and before the case went to trial a practicing attorney of this Court was appointed to represent the defendant, and did represent him. No objections or exceptions were taken by the defendant or his counsel to any of the proceedings in this case. After the verdict was returned, you were employed to appeal the case and filed a motion for a new trial, which was heard and overruled. No evidence was introduced on the hearing of the motion for a new trial.

"Sometime after the overruling of the motion for a new trial, you presented these documents to the Court, designating them bills of exception, and it is the first time that defendant's counsel undertook to except to any action of the Court, except that an exception was taken to the order overruling the motion for new trial and notice of appeal was given, as recited therein. * * * * *

"As stated, I am refusing all of the bills on the broad ground

442

that no exception was taken to any proceedings during the trial, and therefore there can be no bills of exception. * * *"

Authorities are too numerous to need reference thereto: that matters which are sought to be made the subject of complaint upon appeal must be preserved by bill of exception showing objection at the time of the occurrence. Any other rule would be unfair to the trial judge, and would deprive him of any opportunity to rule upon the question, and thereby avoid or correct the thing sought to be complained of. In no other way can orderly judicial procedure be maintained.

The motion for rehearing is overruled.