CALVIN YOUNG V. STATE

No. 28,041. February 15, 1956.

Appellant's Motion for Rehearing Denied (Without Written Opinion) April 4, 1956.

*Roy A. Scott* and *Walter E. Chastain*, Corpus Christi for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for passing as true a forged instrument; the punishment, five years in the penitentiary.

Appellant was separately tried under an indictment in which he and three other codefendants were jointly charged with acting together in the commission of the offense.

The state's evidence shows that on March 3, 1955, a purported check of the South Texas Cotton Oil Company, dated

February 26, 1955, payable to "Walter E. Stanton," in the amount of $44.87, and signed "J. C. Davison," as cashier, and "G. L. Wanderlich," as manager, was passed by the appellant to the cashier of a grocery store in the city of Corpus Christi. It is further shown that the check in question was written with a check protector machine on one of the company's blank checks which had been taken in a burglary of its office in Corpus Christi on the night of March 2, 1955, and that after appellant had been arrested in connection with the burglary he had accompanied the officers to where they recovered a typewriter, a check protector machine, and a large number of company blank checks which were missing from the office.

The state's witness Henry Wanderlich, who had been employed by the cotton oil company for twenty years and was its manager in Corpus Christi, testified that he had never known of a person working for the company as cashier by the name of J. C. Davison or a person by the name of G. L. Wanderlich employed as its manager.

After being duly warned, appellant gave a specimen of his handwriting which was thereafter examined and compared with the handwriting on the check in question by officer Joseph J. Bagwell, Jr., of identification bureau of the city of Corpus Christi and the witness E. N. Martin of the identification bureau of the Texas Department of Public Safety at Austin.

Both witnesses Bagwell and Martin testified that from their examination and comparison of the handwriting it was their opinion that the signature "G. L. Wanderlich" on the face of the check and the endorsement "Walter E. Stanton" on the back were in the appellant's handwriting.

Appellant did not testify or offer any testimony in his behalf, and we find the evidence sufficient to support the conviction.

There are no formal bills of exception and we shall discuss the alleged errors urged by appellant's counsel in his oral argument.

Appellant first insists that the court erred in overruling his third application for a continuance based upon the illness of his counsel and that in so doing deprived him of the right to be represented by counsel of his own choice.

The record shows that the indictment was returned against appellant on March 31, 1955, and that within a few days thereafter his mother employed Hon. Roy A. Scott, an attorney of Corpus Christi, to represent him. The case was set for trial on June 15, 1955, at which time appellant presented his first application for a continuance or postponement in which it was alleged that his attorney was ill and had been ordered by his physician to remain in bed for a period of from 10 to 14 days. On July 12, 1955, when the case was again called for trial, appellant presented his second application for a continuance or postponement based upon the illness of his attorney and on such date the court granted the motion for postponement and set the case for trial on July 25, 1955. At the time of granting the second postponement the court advised appellant that the case would be tried on July 25 and for him to secure someone to represent him in the trial of the case, either Mr. Scott or someone else. When the case was called for trial on July 25 appellant presented his third application for a continuance, which was again based on the illness of his attorney, in which it was alleged that Mr. Scott was under the care and treatment of a physician for a condition brought about by recent dental work and had been advised not to engage in any activities which would require strain or exertion, for a period of thirty days. The application was sworn to by the appellant but was not verified by a doctor's certificate or the affidavit of Mr. Scott, his attorney. It was further alleged in the application that appellant had no money or property with which to employ another attorney in whom he had confidence to represent him in the case.

It is further shown that some two or three days before the case was called for trial appellant's attorney, Mr. Scott, came to the court house and told the trial judge that he was not going to trial on July 25 because he was ill, and that it was too hot to try the case.

The court, after overruling appellant's third application for a continuance, offered to appoint counsel for him if he so desired, which offer the appellant refused. It is further shown that Mr. Scott had advised appellant's mother that the appellant did not have to accept a court-appointed attorney.

On the hearing of the motion for new trial Mr. Scott testified as to his illness and stated that during the month of July he was ill and was not physically able to try any case or undergo any exertion during that time.

Under the record showing that the case had twice been postponed because of the illness of appellant's counsel, we do not think the court abused his discretion in overruling the third application for a continuance.

Our conclusion that the court did not err in overruling the application for a continuance also disposes of appellant's contention that he was denied the right to be represented by counsel of his own choice.

While Article 1, Section 10 of the Constitution of this state provides that an accused shall have the right of being heard by himself or counsel, or both, the facts in the case at bar do not show a violation of this provision. The record shows that the court accorded the appellant every opportunity to be heard during the trial of the case. Appellant was offered the appointment of counsel by the court, which he refused. The constitutional right to be heard by counsel does not confer upon an accused the right to unduly delay the trial of a case until counsel of his own choice appears in court to represent him. Under the facts, we hold that the constitutional provision guaranteeing the right of an accused to be heard by counsel was not violated. The conclusion reached in this case is supported by the opinion in Ford v. State, 114 Tex. Cr. R. 77, 24 S.W. (2d) 55.

In his motion for new trial appellant urged as error the action of the trial court in permitting the state to offer certain testimony and in permitting the state's attorney to make certain argument to the jury. These alleged errors present nothing for review, as the record shows that no objection was made during the trial to the testimony or argument of which complaint is made. Martin v. State, 109 Tex. Cr. R. 101, 3 S. W. (2d) 90; Perdew v. State, 137 Tex. Cr. R. 152, 128 S. W. (2d) 60; and Doswell v. State, 158 Tex. Cr. R. 447, 256 S. W. (2d) 416.

Finding the evidence sufficient to support the conviction and no reversible error appearing in the record, the judgment is affirmed.

Opinion approved by the Court.