John Edward HASEK, Appellant,

v.

The STATE of Texas, Appellee.

No. 37187.

Court of Criminal Appeals of Texas.

Nov. 11, 1964.

Rehearing Denied Dec. 16, 1964.

Bryan Wingo, Corpus Christi, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for driving while intoxicated; the punishment, three days in jail and a fine of $50.

The state's proof was undisputed that, on the date alleged, the appellant drove and operated his motor vehicle upon a public street and highway in the city of Corpus Christi.

Officer W. L. Fuller testified that on the occasion in question he first observed the appellant driving his automobile when he passed the witness in the 3400 block of Mc-Ardle Road. He stated that he proceeded to follow appellant for several blocks and stopped him for speeding and following too close behind a car he was attempting to pass. When the officer asked appellant for his driver's license he produced his wallet but could not find it. However, the officer did find the license. The officer further testified that when appellant got out of his automobile he could not walk or stand unattended; that he had a strong odor of alcohol about his person and on his breath; that his speech was slurred; and that in his opinion appellant was drunk.

Officer Manuel B. Cuellar, who came to the scene and took appellant to the police station, testified that appellant had an alcoholic odor about him; that he staggered and could not walk unattended; and expressed his opinion that at such time he was "very intoxicated."

Testifying as a witness in his own behalf, appellant admitted having consumed at least four "beers" prior to his arrest but, in effect, denied that he was intoxicated. He also called as witnesses his father, Anton Hasek and one Willie Vesely, who testified that they had observed appellant at his father's place of business shortly before his arrest and stated that in their opinion he was not intoxicated.

The jury resolved the disputed issue of intoxication against appellant, and we overrule his contention that the evidence is insufficient to support their verdict.

 Complaint is made to certain jury argument of state's counsel with reference to the two officers who testified in the case.

Appellant insists that counsel was permitted to bolster their testimony when in his opening argument he stated:

"The two officers you have heard have nothing to gain in this thing. They are not interested in getting a conviction or acquittal. They are in your service. You pay them to go out and do what they are doing. * * * Well, you can draw your own inference from the testimony. They are on the payroll of the City Police Department. You can do what you want to about who pays them,"

and in his closing argument, he stated:

"You had a chance to look at them. You are the judges of their believability. If you think both of them are lying, I'm asking you to turn him loose, but I submit to you that they were not lying. They sat there and looked you in the eye. * * * He was riding a motorcycle, so he called for a paddy wagon. Who comes in it but Officer *Castillo*? He's a fine officer if I ever saw one, from the demeanor in which he conducted himself on the stand. He had to hold him up, took charge of him for his own safety. What's wrong with that? Nothing is wrong with that. And it happened just that way, ladies and gentlemen."

The record reflects that appellant's objection to the argument in each instance was sustained. No request was made by appellant for an instruction to the jury to disregard the argument, nor was any request made for a mistrial.

The argument was not so obviously prejudicial that an instruction to the jury to disregard would not have cured any error.

Under the record, no reversible error is presented. Hampton v. State, 157 Tex.Cr. R. 244, 248 S.W.2d 488; Cannon v. State, 163 Tex.Cr.R. 174, 289 S.W.2d 591.

In his closing argument state's counsel further stated:

"* * * the first thing an officer is supposed to do is ask for your driver's license. This man has not been mishandled in any way. These officers did their job and the procedures they are supposed to do."

Appellant's objection on the ground that counsel was bolstering "his witness' testimony and credibility" was by the court overruled.

■ We find no error in the court's ruling, as the argument appears to have been based upon the evidence and a reasonable deduction therefrom.

■ Appellant's complaint to other portions of the argument is not before us for review, as the record reflects that he made no objection thereto. Young v. State, 163 Tex.Cr.R. 30, 288 S.W.2d 116.

The judgment is affirmed.

Opinion approved by the Court.