**Sam PIRAINO and Joe Piraino, Appellants,**

v.

**The STATE of Texas, Appellee.**

No. 40364.

Court of Criminal Appeals of Texas.

May 24, 1967.

Jack Miles, Will Gray, (on appeal only), Houston, for appellant.

Carol Vance, Dist. Atty., Richard M. DeGuerin and Jimmy James, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

Appellants were jointly tried and convicted for the offense of aggravated assault upon a female. The jury assessed the punishment of each at seven hundred thirty days in jail and a fine of $1,000, and recommended that they be granted probation.

This is an appeal by appellants from the conviction at the time they were granted probation, as authorized by Art. 42.13, Sec. 8(a), of the 1965 Code of Criminal Procedure.

The record shows that the appellants were in the bail bond business in the city of Houston.

Appellant Joe Piraino, as surety, executed six bail bonds for Mrs. Delenda Johnson, the injured party, in certain cases pending against her in the corporation court of the city of Houston, for alleged traffic law violations. The bonds were forfeited.

Thereafter, on February 14, 1966, appellants went to Mrs. Johnson's home, where they placed handcuffs on her, took her to their office, and then to the corporation court and delivered her to the city officers.

Mrs. Johnson testified that when appellants entered her home they grabbed her, knocked her down, and put handcuffs on her, and that she received bruises on her wrist.

Appellants denied that they used any violence upon the injured party or inflicted any injuries but admitted that they did place handcuffs on her and take her to the corporation court.

Six grounds of error are urged by appellants in their briefs filed in the trial court.

In the first two grounds it is insisted that state's counsel erred in "arguing to the jury that bondsmen had no right to physically detain or arrest a principal under a bond" and misstating to the jury the law with reference to the rights of a bondsman to effect a physical surrender of a principal.

■ We have examined the record and find no objection to any such argument. The grounds of error present nothing for review.

■ In their third ground of error, appellants insist that the court erred in overruling their motion for an instructed verdict of not guilty because no intent to injure was shown. It is insisted that the proof shows that their primary intent was to arrest the injured party and not to injure her.

We find no merit in the contention, as the injured party testified she received injuries from the appellants which resulted in bruises. The proof also shows her constraint by appellants.

Art. 1139 of the Penal Code provides:

"When an injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting the injury to show the accident or innocent intention. The injury intended may be either bodily pain, constraint, a sense of shame or other disagreeable emotion of the mind."

In their fourth ground of error, appellants complain, generally, of the "prosecution's remarks made during the trial which were prejudicial and inflammatory, thereby depriving defendants of a fair trial." No particular remark to which an objection was made is specified by appellants in their briefs except a statement by state's counsel in his closing argument to the jury when he said:

"A great asset, they are not an asset but blood-suckers, in God's name they are."

■ The record reflects that appellants' objection to the argument was by the court sustained. No motion to strike the remark nor motion for a mistrial was made by appellants. No reversible error is shown. Hasek v. State, Tex.Cr.App., 384 S.W.2d 722.

■ In their fifth ground of error, appellants insist that they were deprived of a fair trial because of the prosecutor's action in taking the witness stand at the hearing on punishment and testifying that their general reputation for being peaceable and law-abiding citizens was bad.

We perceive no error. It should be observed that appellants' punishment was fixed by the jury in a separate hearing. No objection was made by appellants to such procedure or to state's counsel's testimony.

Art. 37.07-2(b) of the 1965 Code provides:

"Regardless of whether the punishment be assessed by the judge or the jury, evidence may be offered by the State and the defendant as to the prior criminal record of the defendant, his general reputation and his character."

Under the statute, evidence of the appellants' general reputation was admissible. See: Smith v. State, Tex.Cr.App., 414 S.W. 2d 659, opinion dated April 12, 1967.

In their sixth and last ground of error, appellants insist that the court erred in admitting unsworn hearsay evidence by the prosecutor, over timely objection, in violation of their rights under the laws and Constitution of the State of Texas and of the United States.

During the cross-examination of the appellant Joe Piraino with reference to who filled in the name of the bank on certain checks given to him by the injured party, the following transpired:

"Q It is your position she [Mrs. Delenda Johnson] filled in Port City State Bank? A Yes, sir.

"Q Are you familiar with Mr. Queen? A No, sir.

"Q He is an handwriting expert, are you familiar with the fact he says this is not the same [sic]?

"MR. HUDSON: Objection, I ask the Court to instruct Mr. James if he wants to bring Mr. Queen in and not make comments, it is hearsay and he knows it [sic].

"THE COURT: I don't think you gentlemen want me to speak to either one of you again."

From the record it appears that appellants did not obtain a ruling from the court on the objection. In the absence of a ruling no error is presented. Rodriguez v. State, Tex.Cr.App., 398 S.W.2d 124.

Later, another question of which appellants complain was asked by state's counsel relative to the handwriting on some of the checks.

 No objection was made to the question by appellants at the trial. Under the record, they are in no position to complain. Cook v. State, Tex.Cr.App., 388 S.W.2d 707.

The judgment is affirmed.