**Jesse B. BAKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41235.**

Court of Criminal Appeals of Texas.

May 8, 1968.

William A. Peterson, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Vic Pecorino, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is theft of a pistol of the value of over $5.00 and under $50.00; the punishment, 90 days in jail.

Trial on July 20, 1967, was before a jury on a plea of not guilty.

The sole ground of error is that the court erred in denying appellant a separate hearing on punishment as provided in Art. 37.07 of the Vernon's Ann.1965 Code of Criminal Procedure (since amended).

The objection to the court's charge was not in writing and the record on appeal does not include a statement of the evidence. The ground of error is brought forward by a formal bill of exception.

This Court has had occasion to construe Art. 37.07, supra, prior to the 1967 amendment, as it relates to capital cases where the death penalty is sought (Jones v. State, Tex.Cr.App., 416 S.W.2d 412) and where the plea was guilty (Rojas v. State, Tex. Cr.App., 404 S.W.2d 30, and Morales v. State, Tex.Cr.App., 416 S.W.2d 403). In Piraino v. State, Tex.Cr.App., 415 S.W.2d 416, we upheld a conviction on a bifurcated trial for aggravated assault where the punishment was assessed by the jury in a separate hearing, to which procedure there was no objection.

Prior to Rojas v. State, supra, the Attorney General held that the terms and provisions of Art. 37.07, supra, relating to the return of a verdict and the assessment of punishment applied to misdemeanor cases tried in the County Court. Opinion C-587 (1965).

Art. 36.14 V.A.C.C.P. requires that the objection to the court's charge be presented in writing.

The effect of our holdings construing Art. 37.07, supra, (prior to the 1967 amendment) is that Section 2 provides an alternate procedure only in felony cases less than capital and in capital cases where the state is not seeking the death penalty. Section 1 of the Statute no longer requires that the jury, where the plea is not guilty, must find and state in their verdict not only that the defendant is either guilty or not guilty, but in capital cases where the state is seeking the death penalty and in

misdemeanor cases, must include the punishment assessed.

To agree with appellant's ground of error would require that we hold that Art. 37.07, supra, (prior to the 1967 amendment) made mandatory a separate hearing on punishment in a misdemeanor case, and that an oral objection to the charge submitting both guilt or innocence and punishment is all that is required to preserve the error. We decline to so hold.

The ground of error is overruled and the judgment is affirmed.