**Milton BANKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0024–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 10, 1981.

Rehearing Denied Jan. 7, 1982.

Discretionary Review Denied March 31, 1982.

Discretionary Review Refused April 28, 1982.

Walter Knowles, Houston, for appellant.

James C. Brough, Houston, for appellee.

Before WARREN, SMITH and BASS, JJ.

SMITH, Justice.

This is an appeal from a conviction for aggravated robbery; the punishment was assessed by the jury at five years.

On May 15, 1979, and on May 19, 1979, a witness working in a local convenience store was robbed at gunpoint, allegedly by the same man. On May 24, 1979, the appellant went into the store to make a purchase, and the witness waited on him. As appellant was leaving in his car, the witness took down the license plate number, called the police, and informed them that he had just seen the individual who had robbed him on May 15th and 19th.

On June 16, 1979, a police officer took five photographs to the witness's home, and there the witness selected appellant's picture. Later on the same day, the witness identified appellant at a police lineup.

In September 1979, appellant was tried by a jury on two counts of aggravated robbery, which trial resulted in a mistrial. On February 12, 1980, the case again came to trial, with the jury finding appellant not guilty on the May 15, 1979 robbery, but guilty of the May 19, 1979 robbery, with the jury assessing his punishment at five years confinement.

In his first ground of error the appellant alleges that the pretrial procedure as to his identification was so suggestive as to amount to a denial of due process of law. He alleges that the description originally given by the witness to the police described appellant as a black male, five feet ten inches tall (5' 10"), and approximately one hundred sixty pounds (160). Appellant states he is six feet six inches (6' 6") tall, and weighs over two hundred (200) pounds. He also states that he has two front teeth missing which creates a large gap in the front of his mouth, which the witness did not mention in his description of the robber. He cites for authority for his position *Taylor v. State*, 474 S.W.2d 207 (Tex.Cr.App. 1972), which states that a pretrial photographic identification will be set aside only where the procedure utilized is "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." He urges that his motion to suppress the pretrial identification should have been sustained.

In the present case the record contains clear proof that the in-court identification was of independent origin. The witness testified that he had a good look at appellant's face during the alleged robberies of May 15, 1979 and May 19, 1979, and that he recognized the appellant on May 24, 1979, when he walked into the store and purchased goods. The witness further identified appellant from a photographic spread,

at a lineup, and identified appellant at trial from his recollection of the robberies.

The testimony of identifying witnesses is admissible as long as the record clearly reflects that the witnesses' prior observation of the accused during the offense was sufficient to serve as an independent origin for the in-court identification. *Clay v. State*, 518 S.W.2d 550, 554 (Tex.Cr.App. 1975); *Garcia v. State*, 563 S.W.2d 925 (Tex. Cr.App.1978). Appellant's first ground of error is overruled.

Appellant's second ground of error complains that the State improperly bolstered the testimony of the witness as to the appellant's identification, by bolstering and correcting the witness as to the disparity in the height of the robber, by inquiring whether the description made of the robber was accurate, and in eliciting hearsay testimony from the witness regarding the robber's height. The appellant during the course of this testimony objected to the testimony and made a motion to strike, which motion was sustained. The testimony was stricken from the record and no further relief was requested by the appellant. Therefore, nothing is presented for review. *Williams v. State*, 549 S.W.2d 183 (Tex.Cr.App.1977); *Reese v. State*, 531 S.W.2d 638 (Tex.Cr.App.1976). The appellant's second ground of error is overruled.

Appellant's third ground of error complains that the prosecutor's jury argument contained prejudicial and racial remarks, and that appellant's "timely motion for mistrial" should have been granted. We find no merit in this allegation as the record reflects that no such motion was made.

Appellant also complains of the prosecutor's remarks referring to appellant's wife's testimony as an alibi witness, but there was no objection made, so there is nothing present for review. *Duffy v. State*, 567 S.W.2d 197 (Tex.Cr.App.1978). Appellant also complains that racial remarks were made when the prosecutor stated that appellant probably figured that he wasn't robbing the witness but was robbing a white man sitting as chairman of the board for Seven-Eleven. Appellant's objections at time of trial that such remarks were outside of the record were sustained. Where an objection is sustained and no request is made to instruct the jury to disregard such remarks and no motion for mistrial is made, nothing is presented for review. *Hasek v. State*, 384 S.W.2d 722 (Tex.Cr.App.1964). Appellant further complains of the prosecutor's remark that the appellant figured, "why should ... the witness ... turn in another black man for robbing a Seven-Eleven?" The record reflects that there was no objection made at the time of trial to the prosecutor's remarks, therefore, there is nothing to review. *Duffy v. State*, supra. The appellant's third ground of error is overruled.

Appellant's fourth ground of error complains that it was error for the trial court to fail to grant appellant's timely motion for mistrial, because the prosecutor's jury argument referred to the expectation of the community for a particular result in the case. The appellant did not make an objection to this argument by the prosecutor nor did he make any motion for mistrial, therefore, there is nothing presented for review. In the absence of a motion for mistrial, the appellant is in no position to complain. *Hoover v. State*, 449 S.W.2d 60 (Tex.Cr.App.1964).

Appellant's fifth ground of error contends that the evidence provided insufficient proof of a material element charged, in that the witness was not placed in fear of imminent bodily injury and death.

The witness testified that appellant was holding a gun on him, that he kept looking at appellant because he wasn't sure what appellant was going to do, and that he was afraid because appellant had a gun and the witness had no idea what appellant was going to do with it.

The legislature in defining the offense of aggravated robbery expressly placed two mental states into the language of the statute, (1) the offender must act with intent to obtain and maintain control over property belonging to another and (2) his acts threat-

ening or placing a victim in fear must be intentional or knowing. *Ex parte Santellana*, 606 S.W.2d 331, 333 (Tex.Cr.App.1980).

As stated in *Crawford v. State*, 509 S.W.2d 582, 584 (Tex.Cr.App.1974):

> To constitute the offense of robbery, there must be actual or threatened violence to the person antecedent to the robbery or intimidation of such character that the injured party is put in fear. The fear must be of such nature as in reason and common experience is likely to induce a person to part with his property against his will.

In this case the facts are clear. The appellant pointed a gun at the witness, and the witness stated that he was afraid and had no idea what appellant was going to do with the gun as the robbery occurred.

There is sufficient evidence for the jury to conclude that the offense of aggravated robbery was committed by the appellant. Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.