TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00258-CR







James Ray Black, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-96-0131-S, HONORABLE DICK ALCALA, JUDGE PRESIDING







 A jury found appellant guilty of delivering more than one but less than four grams of
cocaine. Tex. Health & Safety Code Ann. § 481.112(a), (c) (West Supp. 1998). The jury assessed
punishment, enhanced by three previous felony convictions, at imprisonment for forty years. On appeal,
appellant contends that the trial court should not have admitted the in-court identification of him and that
the trial court's suppression of exculpatory evidence, influenced by prosecutorial misconduct, violated
appellant's due process rights. We will affirm.

 On July 17, 1995, appellant met Deputy Donald Lee Watford ("Watford"), an undercover
police officer, and Timothy Mitchell ("Mitchell") while walking along Chadbourne Street in San Angelo. 
Watford was driving an automobile in which Mitchell was a front-seat passenger. Mitchell asked appellant
if he could locate a quantity of cocaine. Appellant got into the back seat of the automobile and instructed
Watford to an apartment complex on West 31st Street. Mitchell gave Watford directions to the complex
as they drove. When they arrived at the complex, appellant exited the automobile, entered the complex,
and returned with Michelle Murphy ("Murphy"). Appellant got back into the back seat of the automobile
with Murphy, who gave Watford directions to another house. When they arrived at the second location,
Murphy took $160.00 from Watford, entered the house, and returned a few minutes later with a plastic
bag containing approximately an eighth of an ounce of cocaine and ten dollars in change.


Identification


 Appellant contends in his first point of error that the trial court erred in admitting an in-court
identification made by an undercover police officer who drove the automobile, in which appellant was a
passenger, to the alleged cocaine purchase. At the pretrial hearing on appellant's "Objection to In-Court
Identification," Watford testified that on July 17, 1995, he spent thirty minutes in a motor vehicle with
appellant while appellant assisted him in the purchase of a quantity of cocaine. While he was preparing
appellant's file, approximately a week before trial, he inadvertently viewed several photographs of appellant
relating to previous cases in which appellant was involved. Watford testified that his in-court identification
was based on his observations of appellant on July 17, 1995, and that even if he had not viewed the
photographs of appellant he would still be able to make an in-court identification of appellant. After the
pretrial hearing, the trial court overruled appellant's objection. 

 Review of the trial court's admissibility determination of an in-court identification requires
the application of a two-step analysis. See Simmons v. United States, 390 U.S. 377 (1968); Cantu v.
State, 738 S.W.2d 249 (Tex. Crim. App.), cert. denied, 108 S. Ct. 203 (1987). First, we must review
the out-of-court identification procedures to see if they are impermissibly suggestive. Delk v. State, 855
S.W.2d 700, 706 (Tex. Crim. App.), cert. denied, 114 S. Ct. 481 (1993). Second, if we find that the
procedures are suggestive, we must determine whether any suggestiveness created "a very substantial
likelihood of irreparable misidentification." Id. The second step to the analysis requires the following
considerations:


 1) the opportunity of the witness to view the criminal at the time of the crime; 2) the
witness' degree of attention; 3) the accuracy of the witness' prior description of the
criminal; 4) the level of certainty demonstrated by the witness at the confrontation; and 5)
the length of time between the crime and the confrontation.



Manson v. Brathwaite, 432 U.S. 98, 114 (1977); Delk, 855 S.W.2d at 706. The in-court identification
testimony is admissible "if the indicia of reliability outweigh the apparent corrupting effect of the
unnecessarily suggestive pretrial occurrence." Delk, 855 S.W.2d at 706 (citing Harris v. State, 827
S.W.2d 949 (Tex. Crim. App.), cert. denied, 113 S. Ct. 381 (1992)). "The burden is on the defendant
to show by clear and convincing evidence that the in-court identification is unreliable." Id. (citations
omitted).

 Applying the first step of the analysis, we decline to hold that Watford's viewing of the
photographs in appellant's file was impermissibly suggestive. Watford's testimony indicated that his viewing
of the photographs was inadvertent. Thus, it does not rise to the level of suggestiveness found in Manson
or Delk, both of which involved the police showing a single photograph to a witness. Manson, 432 U.S.
at 109; Delk, 855 S.W.2d at 706.

 Moreover, even if the out-of-court identification procedures were impermissibly suggestive,
the indicia of reliability outweigh the suggestiveness. The record clearly demonstrates that the in-court
identification by Watford was of an independent origin. Watford had ample opportunity to view appellant
during the course of the crime. He testified that he spent approximately thirty minutes with appellant while
appellant assisted him in the purchase of cocaine. Watford was working as an undercover officer at the
scene and presumably focused carefully on all persons he came in contact with during the process of the
cocaine purchase. Although Watford did not give a description of appellant at the time of the crime, he
testified that despite the eighteen-month lapse between the offense and his in-court identification, he would
have been able to identify appellant in court without having viewed the photographs in his file and that his
identification was based on his observation of appellant on July 17, 1995, and not on the photographs he
viewed in appellant's file. See Gonzalez v. State, 746 S.W.2d 878, 881 (Tex. App.--El Paso 1988, no
pet.). Based on the record, we cannot hold that the trial court erred in admitting Watford's in-court
identification of appellant. Accordingly, we overrule point of error one.


Admission of evidence


 In his second and third points of error, appellant contends that he was denied his due
process right to present a defense due to the trial court's failure to admit, and the prosecution's suppression
of, an audio tape recording of the drug purchase in which appellant was alleged to have been involved. At
trial, Watford and another witness testified that Watford wore a hidden microphone during the alleged drug
purchase which was recorded onto an audio tape (hereinafter the "tape"). Both witnesses testified the
quality of the recording on the tape was poor and not all the persons allegedly involved in the drug purchase
could be heard because of the location of the microphone on Watford's body.

 Appellant first sought to introduce the tape as a prior inconsistent statement of Watford
under Texas Rule of Criminal Evidence 612. Appellant claims that the tape shows the following: 1) that
appellant's statements made outside the automobile Watford was driving regarding his instant activities
could be heard; 2) that appellant did not respond to a question by Mitchell, a co-defendant, regarding
whether appellant knew where an "eight ball" of cocaine could be purchased; 3) that Mitchell, and not
appellant, provided Watford with directions to Murphy's house; 4) that Murphy, and not appellant,
directed Watford to the location where the cocaine was eventually purchased; and 5) that appellant never
discussed drugs or a drug transaction with Watford, Mitchell, or Murphy while he was in Watford's
presence. None of these showings, however, constitute prior statements by Watford, let alone inconsistent
ones. Appellant's claim under Rule 612 must fail.

 Later in the trial, and now on appeal, appellant argued a new theory of admissibility that
the tape constitutes "independent evidence of what actually occurred" because it contradicts Watford's
testimony regarding the same event. Review of the record reveals, however, that appellant made no
showing that there was anything on the tape contradicting Watford's testimony. During cross-examination,
appellant's counsel merely asked Watford to explain his testimony "if the audio tape was to" contradict it. 
During argument on appellant's bill of review regarding the admission of the tape, the following exchange
occurred between the trial judge and appellant's counsel:


 THE COURT: Well, the evidence was . . . that there was voices heard, but [Watford]
couldn't tell what they were saying. Do you have anything to show that--what those
people were saying? There's also the authentication. You have to prove who the
speakers were at the time the statements were made - I don't know if that can by
established - and then to understand what they said.


 MR. RIOS: Okay. 



As appellant states in his brief on appeal, "[a]ppellant would show" evidence contradicting Watford's
testimony. (Emphasis added.) Appellant failed to make a showing before the trial court. Therefore, we
conclude that the trial court properly denied appellant's request to admit the tape as "independent
evidence" contradicting Watford's testimony.

 Even if the trial court erred in denying appellant's request for admission of the tape, the
error was harmless. See Tex. R. App. P. 44.2. As discussed above, appellant claims that the tape makes
five showings of evidence contradicting Watford's testimony: 1) appellant makes audible statements outside
the automobile; 2) appellant does not respond to Mitchell's question regarding whether he knows where
they can get an "eight ball" of cocaine; 3) Mitchell provides Watford with directions to Murphy's house;
4) Murphy directs Watford to the purchase site; and 5) appellant never discusses drugs or a drug
transaction while he is with Watford. Showing two, three and five are not inconsistent with Watford's
testimony, and showing four is not disputed by Watford's testimony. Watford testified that a response to
Mitchell's inquiry about purchasing an "eight ball" cannot be heard on tape. He also testified that Mitchell
gave him directions to Murphy's house. Watford never testified that he spoke to appellant about drugs or
a drug transaction, and he stated that appellant's discussions with Mitchell and Murphy cannot be heard
on the tape. Finally, as to showing four, Watford conceded in his testimony that Murphy provided him with
directions to the location where the cocaine purchase ultimately took place.

 The only showing that might prove inconsistent concerns the statements made by appellant
outside the automobile. An "error, defect, irregularity, or variance that does not affect substantial rights
must be disregarded." Tex. R. App. P. 44.2(b). The jury had sufficient evidence on which to return a
guilty verdict. Watford testified that appellant was a party to the delivery of cocaine; appellant entered
Murphy's house, brought her to the automobile, and rode in the automobile to the purchase location. None
of this testimony is disputed by appellant's "showings" claimed to be on the tape. Under these
circumstances, we find that the trial court's denial of appellant's request to admit the tape did not affect his
substantial rights.

 Appellant also fails to show prosecutorial misconduct by the suppression of exculpatory
evidence. Appellant contends that Watford's testimony regarding the contents of the tape is perjured, and
therefore, constitutes prosecutorial misconduct in violation of his due process rights. Appellant further
complains that the State suppressed the exculpatory evidence in the tape by objecting to his request for
admission. We disagree. Appellant has made no showing that Deputy Watford's testimony was perjured. 
Indeed, the evidence appellant claims is on the tape does not contradict Watford's testimony. Furthermore,
the State's objection to appellant's request to admit the tape does not constitute suppression of exculpatory
evidence. The State delivered the tape to appellant before trial. The record shows that the information that
can be heard on the tape is not inconsistent with the evidence presented to the jury through Watford's
testimony. We overrule points of error two and three.


Conclusion


 Having overruled all points of error, we affirm the judgment of conviction.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: April 16, 1998

Do Not Publish



 prove who the
speakers were at the time the statements were made - I don't know if that can by
established - and then to understand what they said.


 MR. RIOS: Okay. 



As appellant states in his brief on appeal, "[a]ppellant would show" evidence contradicting Watford's
testimony. (Emphasis added.) Appellant failed to make a showing before the trial court. Therefore, we
conclude that the trial court properly denied appellant's request to admit the tape as "independent
evidence" contradicting Watford's testimony.

 Even if the trial court erred in denying appellant's request for admission of the tape, the
error was harmless. See Tex. R. App. P. 44.2. As discussed above, appellant claims that the tape makes
five showings of evidence contradicting Watford's testimony: 1) appellant makes audible statements outside
the automobile; 2) appellant does not respond to Mitchell's question regarding whether he knows where
they can get an "eight ball" of cocaine; 3) Mitchell provides Watford with directions to Murphy's house;
4) Murphy directs Watford to the purchase site; and 5) appellant never discusses drugs or a drug
transaction while he is with Watford. Showing two, three and five are not inconsistent with Watford's
testimony, and showing four is not disputed by Watford's testimony. Watford testified that a response to
Mitchell's inquiry about purchasing an "eight ball" cannot be heard on tape. He also testified that Mitchell
gave him directions to Murphy's house. Watford never testified that he spoke to appellant about drugs or
a drug transaction, and he stated that appellant's discussions with Mitchell and Murphy cannot be heard
on the tape. Finally, as to showing four, Watford conceded in his testimony that Murphy provided him with
directions to the location where the cocaine purchase ultimately took place.

 The only showing that might prove inconsistent concerns the statements made by appellant
outside the automobile. An "error, defect, irregularity, or variance that does not affect substantial rights
must be disregarded." Tex. R. App. P. 44.2(b). The jury had sufficient evidence on which to return a
guilty verdict. Watford testified that appellant was a party to the delivery of cocaine; appellant entered
Murphy's house, brought her to the automobile, and rode in the automobile to the purchase location. None
of this testimony is disputed by appellant's "showings" claimed to be on the tape. Under these
circumstances, we find that the trial court's denial of appellant's request to admit the tape did not affect his
substantial rights.

 Appellant also fails to show prosecutorial misconduct by the suppression of exculpatory
evidence. Appellant contends that Watford's testimony regarding the contents of the tape is perjured, and
therefore, constitutes prosecutorial misconduct in violat