PETER ZULKOSKI V. THE STATE.

No. 9097.   Delivered Nov. 11, 1925.

Rehearing denied Jan. 13, 1926.

**1.—Manufacturing Intoxicating Liquor—Evidence—Properly Admitted.**

Where on a trial for manufacturing intoxicating liquor, there was no error in permitting state witnesses to testify as to the intoxicating qualities of whiskey found on appellant's premises. Whiskey is judicially recognized as being intoxicating, and this evidence was properly received.

**2—Same—Evidence—Of Deceased Witness—Properly Admitted.**

Where appellant objects to the introduction of the evidence of the former sheriff, now deceased, given by him on the hearing of the examining trial of appellant, as presented to us in appellant's bill, no error is shown.

**3.—Same—Evidence—Harmless, if Error.**

Where the State was permitted to prove that appellant's wife·attempted to take the whiskey found on appellant's premises away from the witness who had it in charge, the admission of this testimony, if error, was harmless, the witness Williams for the state having previously testi-

fied to the same facts, without objection, nor was the remark of the court in reply to counsel's objections to this testimony that the defendant had denied the fact, such a comment on the weight of the testimony as would likely be harmful to appellant before the jury.

### 4.—Same—Requested Charge—Covered in Main Charge—Properly Refused.

Where the court's main charge had correctly instructed the jury on the law of circumstantial evidence, there was no error in refusing a requested charge presented by the appellant on the same subject. It is proper practice to refuse special charges that are fully and correctly presented in the main charge.

### 5.—Same—Evidence—Held Sufficient.

Where the evidence of an appellant introduced on his trial completely exculpates him, the jury are not bound to accept and believe such evidence, if that of the state is sufficient to establish his guilt beyond a reasonable doubt. A careful examination of this record convinces us that the evidence of the State sufficiently supports the conviction, and the judgment should be and is affirmed.

#### ON REHEARING.

### 6.—Same—Evidence—Reproducing Testimony—Rule Stated.

While it is a well settled rule that testimony given by a witness upon one trial cannot be reproduced upon another trial, except for the identical offense for which appellant is then on trial, there is nothing in appellant's bill that the testimony of the deceased sheriff, as given upon the examining trial of appellant in the justice court, was for a different offense than that for which he was being tried in the district court. We again affirm that the statement of a ground of objection in a bill of exception, cannot be taken by us as an averment of a fact. Following Cavanor v. State, 269 S. W. 1063, and Ard v. State, 276 S. W. 263.

Appeal from the District Court of Brazos County. Tried below before the Hon. W. C. Davis, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*F. L. Henderson* of Bryan, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Brazos County for the offense of unlawfully manufacturing intoxicating liquor and his punishment assessed at one year in the penitentiary.

The facts briefly stated are that the sheriff, his deputy and

some other parties went to and searched the premises of the appellant and there found a barrel which they contended contained mash, an oil can which was contended by the State that was used for manufacturing intoxicating liquor and which said witnesses for the State testified had substance like mash in it and was warm, and that they also found some whiskey in the house of said appellant and some yeast cakes. The appellant testified in his own behalf and introduced other testimony corroborating him to the effect that said barrel with what purported to be mash in it was hog feed and that he kept the barrel for that purpose and had feed mixed up in it in the way of chops, bran and other ingredients with which to feed his hogs and that the five gallon can above mentioned was used by his wife for the purpose of heating water for washing and scrubbing purposes and that his wife had been in bad health for many years and that he had bought the wiskey found on his premises from a negro for medicinal purposes alone. Appellant introduced several witnesses including a doctor as to the condition of his wife's health and that she had been in bad health a long time and the doctor had advised that whiskey would be good for her condition. Appellant's witnesses also testified that the yeast cakes were made and used by his wife for bread making purposes. This is a sufficient statement of the facts for a discussion of this case.

In bills of exceptions 1, 5, 6, 7 and 8, complaint is made to the action of the Court in permitting the State's witnesses to testify as to the intoxicating qualities of the whiskey in question upon the ground that they were not shown to be sufficiently qualified for that purpose. There was no error made in overruling these objections because same went more to the weight than to the admissibility of the testimony.

In bills of exception 2, 3, 4 and 9, complaint is made to the action of the court in admitting in evidence utensils and vessels alleged to have been taken from the premises of the appellant, because it is contended that same were not sufficiently identified. We are unable to agree to this contention and are of the opinion that said objections went more to the weight than to the admissibility of said testimony.

In bill of exception No. 10, appellant complains of the action of the court in permitting the State to introduce in evidence the testimony of the former Sheriff Morehead, deceased, given upon the examining trial of the defendant. This bill is insufficient to show error in that it does not contain a sufficient statement of the facts to show of itself any error therein and as

presented we will have to presume court's action in the admission of said testimony was correct.

Bill of exceptions 10½ complains of the action of the court in permitting the State's witness Wheeles to testify in effect that the appellant's wife attempted to take the whiskey away from the witness who had it in charge at appellant's premises immediately after said raid, and because the court in reply to the objection made by appellant's counsel to the effect that the appellant's wife had not denied making such an attempt and that the State's witness Williams had testified to practically the same effect and that said testimony was not admissible for rebuttal purposes, "that the defendant had denied it." We are of the opinion that there is no error shown in this bill for the reason that practically the same testimony was given by the State's witness Williams and the remark of the court to counsel's objection that the defendant had denied same was not such a comment on the weight of the testimony as would likely be harmful to the defendant before a jury in this instance.

In bill of exceptions No. 11, complaint is made to the refusal of the court to give in charge to the jury appellant's special charge No. 6 on circumstantial evidence. The court in his general charge covered this phase of the case fully.

In bills of exception 14 and 15 appellant complains of the action of the court in refusing to peremptorily instruct the jury to return a verdict of acquittal. We are of the opinion that the court rightfully refused these charges requested and properly left the facts to the jury to determine.

It is contended by the appellant in this case that the evidence is insufficient to sustain a conviction and that the whiskey found on appellant's premises was properly explained and the mash found in the barrels and in the five gallon oil can as testified to by the State's witness was overcome by the testimony of the appellant, his wife and children. We are unable to agree with appellant in this contention. The court has frequently held that the jury is not bound to accept the testimony of the defendant or parties deeply interested like the defendant's family in this case, where there is any conflict of testimony on the issues as herein presented.

After a careful examination of the entire record, we are unable to say that the evidence was not sufficient to warrant the jury in reaching a verdict of guilty in this case and for the reasons above stated we are of the opinion that the judgment

of the trial court should be affirmed and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Re-examination of the record in the light of the appellant's motion for rehearing leads us to the conclusion that proper disposition was made of the appeal upon the original hearing.

We are referred to the case of Somers v. State, 113 S. W. Rep. 533, in which was announced the rule that reproduced testimony given upon an examining trial should not be received where it appeared that the testimony related to an offense other than that for which the accused was on trial. As we understand the bill, the rule stated was not transgressed. Morehead, the deceased sheriff, had, upon the examining trial, given the testimony reproduced, and we fail to find aught in the bill supporting the contention of the appellant that the testimony related to an offense other than that for which the accused was on trial. If we comprehend the bill, the testimony given related to the present transaction. One of the reasons given by the appellant's counsel for opposing the introduction of the testimony was that it was adduced upon an inquiry concerning a different offense. The objection is but a ground upon which the receipt of the testimony is opposed and is not a substitute for the statement of an existing fact bearing the authentication of the trial judge. Quinney v. State, 86 Tex. Crim. Rep. 358; Gonzales v. State, 226 S. W. Rep. 405. As stated above, the transaction appears to be the same. The trial court having received it, the presumption that he correctly ruled prevails, there being nothing in the bill showing any fact rendering his ruling erroneous. See Cavanar v. State, 269 S. W. Rep. 1063; Ard v. State, 276 S. W. 263.

The motion for rehearing is overruled.

*Overruled.*