**Ollie Henry SPANN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42419.

Court of Criminal Appeals of Texas.

Dec. 10, 1969.

Charles Dickens, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., and Jack Q. Neal and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is assault with intent to murder Doris Spann; the punishment, nineteen years.

The sole ground relied on for reversal is that the trial court permitted the state to impeach the appellant by introducing into evidence oral statements that were made by him while under arrest.

It is undisputed that around 4 p. m., the appellant entered a cafe where his wife

was employed and shot her and her former husband with a .22 caliber pistol.

In making out its case in chief the state sought to prove by the arresting officer Latta, the oral statements which the appellant then made to him. The objection to this proffered testimony was sustained on the ground that he was then under arrest.

On cross-examination, the appellant testified that he did not tell the arresting officer (Latta) anything; that he did not remember saying anything to Latta; and that he did not remember whether he told Latta that he had shot two people.

After the defense had rested its case, the state recalled Officer Latta for the purpose of impeaching the testimony of the appellant. The prosecutor asked Officer Latta if when he arrested the appellant, did he (Officer Latta) ask the appellant how many people he had shot. The appellant objected on the ground that, "That would be something the Defendant said while the Defendant was under arrest." Outside the presence of the jury the court after hearing the evidence, overruled the appellant's objection on the ground that the evidence could be admitted to impeach the testimony given by the appellant on cross-examination that he did not tell Latta anything and did not remember whether he told Latta that he had shot two people. The appellant excepted, and the jury returned; at which time the following occurred:

"Q (By Mr. Neal) Officer Latta, when you saw the Defendant there, and you arrested him, did you ask him how many people he had shot?

"A Yes sir, I did.

"Mr. Dickens: Now, Your Honor, for the purpose of the record, I want to object here, to him bringing that out in front of the Jury. . I object on the grounds that the Defendant was under arrest at the time that the statement was made.

"The Court: Overrule the objection.

"Mr. Dickens: Note our exception.

"Q (By Mr. Neal) Did he tell you how many people he had shot?

"A Yes, he did.

"Q What did he say?

"A He said that he had shot two people."

The testimony reveals that in response to a radio call, Officer Latta went to a barber shop where he talked with the appellant. He then went to a cafe about one block away where the appellant's wife was employed. He talked with her and returned to the barber shop where he talked with the appellant at 3:26 p. m., and advised him not to go to the cafe. The witness McClellan, the former husband of appellant's wife, testified that he quit work about 3:50 p. m., and arrived at the cafe about 4 p. m., and was immediately shot. Vicki Heaton, an employee in the cafe, testified that while the shooting was taking place, she ran from the cafe, heard two shots after she was outside, then ran around the corner to the Courts Building where she told Officer Latta of the shooting at 4:04 p. m. Latta went immediately to the cafe, where he saw the appellant walking slowly on the sidewalk in front of the cafe trying to unload a .22 caliber pistol he was holding in his right hand. The appellant removed one shell from the pistol which fell on the ground, and five other spent shells were still in the pistol. It was at this time, according to Officer Latta, that the appellant told him he had shot two people. When Latta entered the cafe he found McClellan, who had been shot, lying on the floor in the rear of the serving area and appellant's wife, who also had been shot, sitting in a chair in the kitchen.

It is the rule in this state that incriminating statements made by an accused, while under arrest, which would not be admissible as original evidence, may not be used for impeachment. However, the

statements may be admissible under the res gestae exception. Acts or declarations which are part of the res gestae are admissible notwithstanding the fact that they may not be admissible as confessions or admissions, for the rule of res gestae is independent of, superior to and cannot be limited by the rules relating to confessions or admissions after arrest. 24 Tex.Jur.2d 137, Sec. 600; Morris v. State, 157 Tex. Cr.R. 14, 246 S.W.2d 184; Fowler v. State, 162 Tex.Cr.R. 513, 287 S.W.2d 665; Hague v. State, 165 Tex.Cr.R. 393, 307 S.W.2d 577 and Heath v. State, Tex.Cr.App., 375 S.W.2d 909. Article 38.22, Sec. 1(f), Vernon's Ann.C.C.P., provides in part: "Nothing contained herein shall preclude the admissibility * * * of any statement that is the res gestae of the arrest or of the offense."

When all the elements that make a statement a part of the res gestae are present, the fact that such a statement is made in response to an inquiry does not make this testimony inadmissible. 1 Branch 2d 191, Sec. 105; Henderson v. State, 154 Tex.Cr.R. 584, 228 S.W.2d 158; Morris v. State, supra; Moore v. State, Tex.Cr.App., 440 S.W.2d 643.

From all the facts and circumstances, it is concluded that the statement of the appellant to Officer Latta near the cafe was admissible as res gestae.

The fact that the statement was admitted as impeaching evidence of the appellant would not alone render the statement inadmissible. When the trial court's ruling on the admission of evidence is correct, though for a wrong or insufficient reason, it will not result in a reversal if it is admissible for any reason. 5 Tex.Jur.2d 606, Sec. 402; Boney v. State, 110 Tex. Cr.R. 371, 7 S.W.2d 961; Moreno v. State, 170 Tex.Cr.R. 410, 341 S.W.2d 455; Venable v. State, Tex.Cr.App., 397 S.W.2d 231.

The ground of error is overruled.

The judgment is affirmed.