NO. 07-02-0294-CR
NO. 07-02-0295-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 16, 2003

_____

THE STATE OF TEXAS, APPELLANT

V.

DON STEVEN MCDOUGAL, APPELLEE

_____

FROM THE COUNTY COURT AT LAW OF LIBERTY COUNTY;

NOS. 69996 AND 69997; HONORABLE DON TAYLOR, JUDGE

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.

**Memorandum Opinion**

In this proceeding, the State is appealing the trial court's granting of a motion to suppress evidence. Tex. Code Crim Proc. Ann. art. 44.01. The events in question developed as the result of a traffic stop by a Liberty County Deputy Sheriff. We reverse the suppression order.

The trial judge is the sole and exclusive trier of fact at a hearing on a motion to suppress evidence. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990). If the trial judge's fact findings are supported by the record, an appellate court may not disturb them and, on appellate review, we may only address the question of whether the trial judge improperly applied the law to the facts. *Self v. State*, 709 S.W.2d 662 (Tex.Crim.App. 1986). Where, as here, the trial court did not specify the reason it found the evidence inadmissible, if the judge's decision is correct on any theory of law applicable to the case, it will be sustained. *Spann v. State*, 448 S.W.2d 128 (Tex.Crim.App. 1969). In determining whether the trial judge's decision was correct, we must consider the totality of the circumstances and we may not disturb the decision absent a clear abuse of discretion. *Dancy v. State*, 728 S.W.2d 772, 777 (Tex.Crim.App.), *cert. denied*, 484 U.S. 975, 108 S.Ct. 485, 98 L.Ed.2d 484 (1987). Even so, where, as here, the historical facts are undisputed, we review the trial court's ruling *de novo*. *See State v. Jennings*, 958 S.W.2d 930, 932 (Tex.App.–Amarillo 1997, no pet.).

Liberty County Deputy Sheriff Frank Longoria was the only witness to testify at the suppression hearing. He testified that on February 6, 2002, the date in question, he was in uniform and on routine patrol driving a clearly marked patrol unit. At about 8:30 p.m., he observed a white Mercury Topaz automobile traveling ahead of him. He averred that the car was "weaving" and in doing so, it crossed both the right hand fog line and the center line. He pulled the car over and walked over to the driver's side to explain the

2

reason for the stop. He explained that he made the stop because the driver had failed to "maintain a single lane."

After the officer had identified himself, he asked for a driver's license. The driver, later identified as appellant, replied that he did not have his driver's license with him. Longoria asked, and received, appellant's name and date of birth so the officer could run a "check" on him. While Longoria was waiting for the return, he asked appellant if he had anything, such as an insurance card, that had his name on it to prove who he was. Receiving an affirmative reply, the officer then asked for appellant's consent to look in the glove box. Longoria said that appellant said yes and "kind of hung his head and said there's also a bag of marijuana in there." The officer then "secured" appellant, placed him in the patrol car, opened the glove box and recovered the bag of marijuana. Appellant was then charged with Class B misdemeanors of possession of marijuana and driving while license suspended.

The State bears the burden of proving the legality of a warrantless arrest or search. *Lalande v. State*, 676 S.W.2d 115, 116 (Tex.Crim.App. 1984). Traffic stops by roving patrols are considered seizures within the purview of the Fourth Amendment to the Federal Constitution. *Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 1395, 59 L.Ed.2d 660 (1979). However, an officer may lawfully stop and detain a person for a traffic violation. *McVickers v. State*, 874 S.W.2d 662, 664 (Tex.Crim.App. 1993).

Initially, then, we must decide if appellant committed a traffic violation. In pertinent part, section 545.060 of the Texas Transportation Code provides:

> (A) An operator on a roadway divided into two or more clearly marked lanes for traffic:
>
> > (1) shall drive as nearly as practical entirely within a single lane; and
> >
> > (2) may not move from the lane unless that movement can be made safely.

Tex. Transp. Code Ann. § 545.060 (Vernon 1999). Under the undisputed evidence, the record is sufficient to show that appellant had committed a traffic offense. That being true, the officer was justified in making a traffic stop. It is also sufficient to show that appellant admitted a violation of the law and gave consent to the officer's opening of the glove compartment and obtaining possession of the contraband.

Accordingly, the trial court reversibly erred in its application of the law to the undisputed facts and in granting the motion to suppress. The suppression order is reversed and the cause remanded to the court for further proceedings.

John T. Boyd
Senior Justice

Do not publish.

4