COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-440-CR

 

 

LUCIO PEREZ MALDONADO                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

MEMORANDUM
OPINION[1]

 

                                        ------------ 


 

Introduction

Appellant Lucio Perez
Maldonado appeals his conviction for four counts of indecency with a child by
contact.  In two issues, he contends that
the trial court abused its discretion by admitting extraneous offense evidence
during the guilt-innocence phase of the trial. 
We affirm.








Background

A jury convicted appellant of
four counts of indecency with E.M., a ten-year-old child.  The State=s evidence showed that appellant was the boyfriend of E.M.=s paternal grandmother.  During
the State=s
case-in-chief, E.M. identified approximately five occasions when appellant
touched her Agirl=s private and on [her] chest@:  on a couch in her grandmother=s living room; at the home of her great aunt, Lupe Hernandez, while
Lupe=s daughter was in a nearby room; at Lupe=s house while her brother was asleep in the same room;  while she was alone with appellant in a car;
and in a bedroom at her grandmother=s house while her family members were in nearby rooms.  After the jury found appellant guilty of four
counts of indecency with a child by contact, appellant pleaded true to two
enhancement allegations.  The jury
assessed appellant=s punishment
at seventy years=
imprisonment on each of the four counts and the trial court sentenced appellant
accordingly, with the sentences to run consecutively.

Extraneous Offense Evidence








In his first issue, appellant
asserts that the trial court abused its discretion by admitting the testimony
of E.M.=s cousin, Martha Garcia, that appellant molested her in February of 1992
when she was eleven years old, because it was inadmissible extraneous offense
evidence under rule 404(b) of the rules of evidence and appellant did not Aopen the door@ to the introduction
of the extraneous offense evidence by presenting a defensive theory that he
lacked the opportunity to molest E.M.[2]








Appellant=s trial theory was that E.M. made up the story about appellant as part
of a@scheme or conspiracy@ between E.M. and her mother to help her mother avoid being sent to
prison for violating the terms of her community supervision.[3]  According to the State, appellant presented
an additional theory through the testimony of E.M.=s grandmother and great aunt, that appellant did not have the
opportunity to commit the offenses because he was never alone with E.M.  Appellant adamantly denies that he presented
a defensive theory that he lacked the opportunity to commit the offense.  To rebut appellant=s conspiracy and alleged lack of opportunity theories, the State
called Garcia, who testified that appellant rubbed her breasts and Avagina@ in 1992
when she was eleven years old when another person was in the same room.

A trial court=s decision to admit or exclude evidence is reviewed under an abuse of
discretion standard.[4]  We will not reverse a trial court=s ruling unless that ruling falls outside the zone of reasonable
disagreement.[5]  Further, a trial court=s decision regarding admissibility of evidence will be sustained if
correct on any theory of law applicable to the case, even when the court's underlying
reason for the decision is wrong.[6]








Rule 404(b) prohibits the
admission of evidence of Aother
crimes, wrongs, or acts@ in a
criminal case to prove that the defendant acted in conformity with his
character to commit crimes.[7]  Such extraneous offense evidence may be
admitted for other purposes, however, such as proof of motive, opportunity,
intent, preparation, plan, knowledge, identity, or absence of mistake or
accident.[8]  

In addition, extraneous
offense evidence that tends to rebut some defensive theory is relevant beyond
its tendency to prove a person's character or that he acted in conformity
therewith.[9]  As a general rule, however, the defensive
theory that the State wishes to rebut through the use of extraneous offense
evidence must be elicited on direct examination by the defense and may not by
elicited by Aprompting or
maneuvering@ by the
State.[10]








Here, Garcia=s testimony served to rebut both appellant=s conspiracy theory and his theory of lack of opportunity.  Garcia=s testimony rebutted appellant=s conspiracy theory by showing appellant=s prior misconduct in circumstances not involving possible ulterior
motives by the complainant.[11]  Garcia=s testimony rebutted appellant=s lack of opportunity theory by showing that the prior offense
occurred, as did some of the offenses in this case, with another person in the
same room.  Thus, although Garcia=s testimony regarding appellant=s extraneous offense would have been inadmissible character evidence
if offered to prove that appellant acted in conformity therewith in the present
case, her testimony was relevant for at least two permissible purposes.  Therefore, we cannot say that the trial court
abused its discretion by admitting Garcia=s testimony over appellant=s 404(b) objection.  We overrule
appellant=s first
issue.








Appellant argues that the
testimony elicited from the grandmother and the great aunt did not open the
door to the extraneous offense evidence.  
We disagree.  When Athe only relevance of [a witness=s testimony is] the implicit inference@ that the appellant could not have committed the charged offense for a
particular reason, the appellant has presented testimony subject to rebuttal
with extraneous offense evidence.[12]   In this case, the only relevance of E.M.=s grandmother and great aunt=s testimony that appellant was never alone with E.M. was to show that
it was impossible for appellant to molest her because he lacked the
opportunity.  The State was entitled to
rebut this testimony by showing that it was indeed possible for appellant to
molest E.M. when other people were present because he had done the same thing
before under similar circumstances. 








Appellant also asserts that
the trial court gave an improper limiting instruction to the jurors regarding
the purpose for which they could consider Garcia=s testimony.  Appellant,
however, failed to object to the trial court=s instruction.  Therefore, he
has forfeited this complaint on appeal.[13]  

Probative Value and Prejudicial Effect 

In his
second issue, appellant asserts that the trial court abused its discretion by
admitting Garcia=s testimony
over his rule 403 objection  because the
probative value of her testimony was outweighed by its prejudicial effect.[14]
       Otherwise admissible evidence may
be excluded under rule 403 if its probative value is substantially outweighed
by the danger of unfair prejudice.[15]  Unfair prejudice refers to Aan undue tendency to suggest decision on an improper basis such as an
emotional one.@[16]  Rule 403 favors admissibility
and contains a presumption that relevant evidence will be more probative than
prejudicial.[17]








The trial court should
consider several factors in determining whether the prejudicial effect of
evidence substantially outweighs its probative value under Rule 403.[18]  These factors include:

1)
how compellingly evidence of the extraneous offense serves to make a fact of
consequence more or less probable;

 

2)
the extraneous offense's potential to impress the jury in some irrational but
indelible way;

 

3)
the trial time that the proponent will require to develop evidence of the
extraneous misconduct; and

 

4) the proponent's need for
the extraneous transaction evidence.[19]








In this case, Garcia=s testimony that when she was a young girl, appellant touched her
breasts and Avagina@ while another person was in the room was highly probative and an
important part of the State=s case because whether the offensive touching of E.M. occurred at all
was a hotly contested issue.[20]
The court of criminal appeals has recognized that in prosecutions for sexual
offenses, a successful conviction Aoften depend[s] primarily on whether the jury believe[s] the
complainant, turning the trial into a swearing match between the complainant
and defendant.@[21]  Because two of E.M.=s family members testified to appellant's lack of opportunity to
sexually molest E.M., Garcia=s rebuttal testimony provided, at a minimum, a Asmall nudge@ towards
proving that the molestation could have indeed occurred.[22]  Further, Garcia=s testimony provided credibility to E.M.=s testimony in light of the fact that she was ten years old at the
time of trial, both her grandmother and great aunt testified that it was
impossible that the offenses occurred, and appellant elicited evidence from
E.M.=s mother and community supervision officer to imply that E.M. made up
this story to prevent her mother from going to prison.[23]  Therefore, we conclude that Garcia=s testimony was highly probative to a fact of consequence in the case
and the State=s need for
the evidence was high.

The time the State needed to
develop the extraneous offense evidence was minimal.  Garcia=s testimony appears in less than nine pages in a seven volume trial
record.  








In addition, Awhile evidence of an extraneous sexual offense will always carry
emotional weight and the danger of impressing the jury in an irrational and
indelible way, our rules of evidence require the exclusion of relevant evidence
only if the danger of unfair prejudice, delay, or needless repetition
substantially outweighs the probative value.@[24]  While Garcia=s testimony carried some emotional weight, the danger of unfair
prejudice created by the testimony did not substantially outweigh its probative
value.  

For these reasons, we
conclude that the trial court's decision to admit Garcia=s testimony in this case fell within the zone of reasonable disagreement
and was not an abuse of discretion. 
Accordingly, we overrule appellant=s second issue.

Conclusion 

 Having overruled appellant=s two issues, we affirm the trial court=s judgment. 

PER CURIAM

PANEL F: CAYCE, C.J.; WALKER and McCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 22, 2007








 











[1]See Tex. R. App. P. 47.4.





[2]Tex. R. Evid. 404(b).





[3]During
closing arguments, appellant=s trial counsel stated that Ajust
weeks . . . before these allegations pop up, [the mother was] told by her
probation officer that if she [did not] . . . come up with a bunch of money,
they=re
going to file a motion to revoke on her@ and that the mother had
coerced E.M. into believing that appellant had molested her so that the mother
could make an agreement with the prosecution to exchange her testimony for a
dismissal of the State=s
application to revoke her community supervision. Appellant cites the fact that
the district attorney ultimately dismissed the State=s
motion to revoke the mother=s community supervision five
days after the jury=s
verdict on punishment as support for this theory.  





[4]Burden
v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).  





[5]Id.





[6]Romero
v. State, 800 S.W.2d 539, 543‑44 (Tex. Crim. App.
1990) (citing Spann v. State, 448 S.W.2d 128, 130 (Tex. Crim. App.
1969)).  The trial court explained its
rationale for admitting the extraneous offense evidence by stating, A[T]he
probative value of [Garcia=s] proffered testimony far
exceeds or substantially outweighs any potential danger of unfair prejudice,
particularly in view of the probative value - - particularly of greater
probative value at the conclusion of the State=s
case.  And I might also point out that
not only is it indicative of opportunity, it=s offered in rebuttal to the
argument of Defendant that there was no opportunity . . . but also it=s . .
. in rebuttal to an apparent frame-up theory, which was specifically mentioned
by Defense counsel yesterday afternoon when he alluded to a scheme accusing the
prosecutor of participating in a scheme.@ 





[7]Tex. R. Evid. 404(b); Marc v. State,
166 S.W.3d 767, 775 (Tex. App.CFort Worth 2005, pet. ref'd).






[8]See
Moses v. State, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003).





[9]Montgomery
v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990); Russell
v. State, 113 S.W.3d 530, 535 (Tex. App.CFort Worth 2003, pet. ref'd).





[10]See
Wheeler v. State, 67 S.W.3d 879, 887-88 (Tex. Crim. App. 2002);
Shipman v. State, 604 S.W.2d 182, 185 (Tex. Crim. App. 1980) (stating that
State Amay
not rely on its own questioning@ to get into collateral
matters, extraneous offenses, and bad acts that Awould
otherwise be inadmissible@).





[11]Wheeler, 67
S.W.3d at 887 (extraneous offense evidence admissible to rebut frame-up theory
that complainant=s
testimony was motivated by money and revenge); see also Boutwell v. State,
719 S.W.2d 164, 179 (Tex. Crim. App. 1985) (extraneous offense evidence in
child sexual assault cases may be admissible to rebut contention that Adefendant
was being framed by the witnesses@); Johnston v. State,
418 S.W.2d 522, 522 (Tex. Crim. App. 1967) (extraneous acts of sodomy with
other boys admissible to rebut defense of Aframe‑up@).





[12]Wheeler, 67
S.W.3d at 884 n. 9 (holding that when the defense presented opinion testimony
that had no relevance other than to imply that the appellant was not the type
of person to commit child sexual abuse, the defense had Aopened
the door@); see
also Blackwell v. State, 193 S.W.3d 1, 12 (Tex. App.CHouston
[1st Dist.] 2006, pet. ref=d) (when testimony that
defendant was like a regular parent who did a good job of raising two other
boys was offered to support a defensive theory that appellant lacked intent to
commit alleged sexual offenses against another child who was a relative of the
defendant, State was allowed to rebut the testimony with extraneous offense
evidence); Abshire v. State, 62 S.W.3d 857, 860 (Tex. App.CTexarkana
2001, pet. ref=d)
(held that when defendant presented testimony that he was never alone with
complainant on the day of the alleged sexual assault and that he was not the
type of person who would commit such a crime, he presented a defensive theory
that may be rebutted by extraneous offense evidence). 





[13]See Tex. R. App. P. 33.1(a); Mosely v. State,
983 S.W.2d 249, 265 (Tex. Crim. App. 1998), cert. denied, 526 U.S. 1070
(1999) (a party must present to the trial court a timely and specific request,
objection, or motion to preserve a complaint for our review).  





[14]See Tex. R. Evid. 403.  





[15]Id.; Jones
v. State, 119 S.W.3d 412, 421 (Tex. App.CFort Worth 2003, no pet.).





[16]Newberry
v. State, 135 S.W.3d 22, 43 (Tex. Crim. App.), cert.
denied, 543 U.S. 990 (2004).  





[17]Rayford
v. State, 125 S.W.3d 521, 529 (Tex. Crim. App. 2003), cert.
denied, 543 U.S. 823 (2004); Hayes v. State, 85 S.W.3d 809, 815
(Tex. Crim. App. 2002).  





[18]Wheeler, 67
S.W.3d at 888.





[19]Lane
v. State, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996).





[20]See
Wheeler, 67 S.W.3d at 888 (stating that if question of whether offensive
touching occurred at all is a hotly contested issue in case, State has high
need for similar extraneous offense evidence).





[21]See
Wheeler, 67 S.W.3d at 888 (quoting Boutwell, 719 S.W.2d at 177‑78).  





[22]See
id.;  Montgomery, 810 S.W.2d
at 381.





[23]See
Wheeler, 67 S.W.3d at 888-89.





[24]Id.